UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY FURINA, : | |
| : | Civil Action No. 10-2043 (SRC) |
| Plaintiff, : | |
| : | OPINION & ORDER |
| v. : | |
| DETECTIVE ARIEL GONZALEZ, et al., : | |
| Defendants. : | |

**CHESLER**, District Judge

    This matter comes before the Court upon Plaintiff's motion for reconsideration of this Court's August 25, 2011 Order, which granted Defendants' motion for summary judgment [docket entry 40]. Defendants have opposed the motion.

    Under Local Civil Rule 7.1(i), a court may reconsider an order or judgment upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision. Bryan v. Shah, 351 F.Supp.2d 295, 297 n. 2 (D.N.J.2005) (citing Bowers v. Nat'l Collegiate Athletic Assoc., 130 F.Supp.2d 610, 612 (D.N.J.2001)). A court may not grant a motion for reconsideration unless the moving party shows one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See Banda v. Burlington County, 263 Fed. Appx. 182, 183 (3d Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.

1999)); L.Civ.R. 7.1(i). A party's "mere disagreement" with the Court's decision does not warrant reconsideration. Yurecko v. Port Auth. Trans. Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003). The moving party bears a heavy burden that cannot be met through "recapitulation of the cases and arguments considered by the court before rendering its original decision." G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting Carteret Savings Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J.1989)).

In this case, Plaintiff has failed to carry his burden of demonstrating that reconsideration is warranted. Plaintiff argues that the Court committed "a clear error of law or fact in connection with probable cause, false arrest and excessive force." (Pl. Br. at 5.) Plaintiff, however, fails to explain how the Court erred. Instead, he repeats the same arguments he initially raised in his opposition to the motion for summary judgment, that is, that he had adduced sufficient evidence to permit a reasonable jury to find in his favor on his various claims under 42 U.S.C. § 1983. Plaintiff maintains that the evidence demonstrates that (1) the officer defendants did not have probable cause to arrest him because they could not have seen him violating the law from their observation point; (2) the officer defendants participated in or had some role in directing the handcuffing of Plaintiff in a manner which caused him pain; and (3) the municipal defendant had a policy which caused Plaintiff to sustain constitutional violations. However, as is in his underlying motion papers, Plaintiff asserts the existence of many contested issues of fact without pointing to proofs in the record which would support his version of events.

Plaintiff has not demonstrated that the Court overlooked any dispositive factual matters or controlling decisions of law. His stated grounds for reconsideration amount to no more than disagreement with the Court's analysis of the arguments and facts previously raised in his

2

opposition to Defendants' motion for summary judgment. His arguments remain insufficient to defeat the motion for summary judgment and certainly do not meet the stringent requirement for granting reconsideration.

Accordingly,

**IT IS** on this 6th day of October, 2011,

**ORDERED** that Plaintiff's motion for reconsideration [docket entry 40] be and hereby is **DENIED**.

                                     s/Stanley R. Chesler
                                     STANLEY R. CHESLER
                                     United States District Judge